UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MILE MATIC,

    Plaintiff,

v.                                            CASE NO. 3:10-CV-00364-J-34JBT

GEORGES BAHRI,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency and Application to Proceed *In Forma Pauperis* ("the Application") (Doc. 2).  For the reasons set forth herein, it is respectfully recommended that the case be **DISMISSED** without prejudice.

**I.    Background**

Plaintiff, Mile Matic, filed his Complaint (Doc. 1) in this case against Defendant, Georges Bahri, and also filed his Application (Doc. 2).  Subsequently, the Court took that Application under advisement and ordered Plaintiff to file an Amended Complaint or pay the filing fee by August 16, 2010.  (Doc. 6.)  Specifically, the Court instructed Plaintiff that his Complaint (Doc. 1) was deficient for several reasons, including: (1) the absence of an allegation of a basis for federal jurisdiction, (2) the failure of Plaintiff to allege satisfaction of all conditions precedent to maintenance of his claims, (3) the lack of an allegation of how Defendant may be liable for Plaintiff's social security claim, and (4) the failure of Plaintiff to include a demand for relief.  (Doc. 6.)  Moreover, the Court notified Plaintiff that failure to file a sufficient Amended Complaint or to pay the filing fee by August 16, 2010, might

---

[1] Any party may file and serve specific, written objections hereto within fourteen (14) days after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a), 6(a) & (e); Local Rules 6.02(a) & 4.20, United States District Court, Middle District of Florida.

result in a recommendation that this action be dismissed. (*Id.*)

Plaintiff filed his Amended Complaint (Doc. 7) on August 11, 2010. That pleading, however, fails to comply with any of the criteria that the Court specifically included in its Order.

**II.    Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming Plaintiff's Application sufficiently demonstrates that he meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such an application is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon review of the Amended Complaint, the Court finds that this action should be dismissed without prejudice because Plaintiff has failed to state a claim on which relief may be granted.

With respect to whether the Amended Complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure; therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). When considering whether to grant a motion to dismiss for failure to state a claim on which relief may be

granted, the facts alleged in the complaint must be accepted as true and must be viewed in the light most favorable to the plaintiff. *Behrens v. Regier*, 422 F.3d 1255, 1256-57 (11th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'Labels and conclusions' or "'a formulaic recitation of the elements of a cause of action'" that amount to "'naked assertion[s]'" will not do. *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555, 557). Moreover, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation marks and citations omitted).

Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915, "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted); *see also* Martinez, 364 F.3d at 1308 n.7.

**III. Discussion**

In neither his original Complaint (Doc. 1) nor his Amended Complaint (Doc. 7) has

3

Plaintiff stated a plausible claim for medical malpractice or any other cognizable claim. He has not alleged generally that all conditions precedent to filing suit have been met. These conditions precedent generally include the obligation under Chapter 766 of the Florida Statutes to conduct a presuit investigation and to corroborate that reasonable grounds exist to assert a claim for medical negligence. They also include providing Defendant with an affidavit by a qualified expert witness pursuant to Sections 766.102, 766.106, and 766.203(2), and with a notice of intent to sue pursuant to Section 766.106(2)(a) of the Florida Statutes.

The Court notes that the satisfaction of these presuit requirements is not a mere formality. *See Largie v. Gregorian*, 913 So.2d 635, 638 (Fla. Dist. Ct. App. 2005) (stating that the procedures in Chapter 766 are "more than mere technicalities") (internal quotation marks omitted). These presuit requirements are intended in part to screen out potentially frivolous cases. *See Kukral v. Mekras*, 679 So.2d 278, 284 (Fla. 1996) (recognizing that the presuit requirements were intended to screen out frivolous lawsuits). A key requirement is that there be some expert support for the allegations of medical negligence. Plaintiff is apparently asking the Court to provide him with an expert to help him satisfy these requirements. It is not the Court's proper function, however, to provide such assistance.

In addition, Plaintiff still has not alleged how this Defendant is connected to any social security claim he may have. Plaintiff has also failed to allege a basis for federal jurisdiction. The Amended Complaint, similar to the original Complaint, lacks a demand for relief. Finally, and more generally, the Amended Complaint fails to comply with the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

4

Therefore, Plaintiff's claims are due to be dismissed without prejudice. *See* FED. R. CIV. P. 8.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Affidavit of Indigency and Application to Proceed *In Forma Pauperis* (**Doc. 2**) be **DENIED WITHOUT PREJUDICE**.

2. The case be **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ENTERED** at Jacksonville, Florida, on August 17, 2010.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiff