**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MILE MATIC,

    Plaintiff,

vs.	Case No. 3:10-cv-364-J-34TEM

GEORGES BAHRI,

    Defendant.
_____

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 8; Report), entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on August 17, 2010. Plaintiff has not filed any objections to the Report, and the time for doing so has now passed.

In the Report, Judge Toomey recommends that Plaintiff's Affidavit of Indigency and Application to Proceed In Forma Pauperis (Doc. No. 2) be denied without prejudice, and that the case as a whole be dismissed without prejudice. This Court adopts the recommended resolution of Judge Toomey's Report; however, the Court declines to adopt Judge Toomey's opinion in full as the opinion of the Court.

On April 27, 2010, pro se Plaintiff Mile Matic filed his original Complaint (Doc. No. 1; Complaint), along with an Affidavit of Indigency and Application to Proceed In Forma Pauperis. (Doc. 2). In the Complaint, Matic names Dr. Georges Bahri as the sole Defendant. It appears that Matic alleges that Dr. Bahri committed medical malpractice in connection with hip surgery performed in October, 2006. Id. at 1-3. Additionally, Matic complains that his

application for Social Security supplemental income based upon his alleged disability was denied. Id. at 4-5. On July 22, 2010, Judge Toomey determined that while Matic is indigent for purposes of 28 U.S.C. § 1915, (Doc. 6; 07/22/10 Order), Matic's Complaint "failed to state a claim on which relief may be granted." Id. at 2. As a result, Judge Toomey took Plaintiff's Affidavit of Indigency, construed as a Motion to Proceed In Forma Pauperis, under advisement, and ordered that "Plaintiff may file an Amended Complaint or pay the filing fee." Id. at 4. Magistrate Judge Toomey included in the Order specific requirements applicable to an Amended Complaint. Id.

On August 11, 2010, Plaintiff filed an "Amended Complaint." (Doc. 7; Amended Complaint). Matic's Amended Complaint is in the form of a one-page memorandum to Judge Toomey. In the Amended Complaint, Matic alleges that "the accused is responsible from my SSI case" and that defendant Dr. Bahri "is the only one responsible for this case." Id. Matic requests the Court "to provide court appointed medical experts . . . ." Id.

On August 17, 2010, Judge Toomey entered the Report and Recommendation under review here. In the Report, Judge Toomey stated that the Amended Complaint "fails to comply with any of the criteria that the Court specifically included in its [07/22/10] Order." Report at 2. Judge Toomey recommended that the Affidavit of Indigency and Application to Proceed In Forma Pauperis be denied without prejudice. Additionally, Judge Toomey recommended that the case be dismissed without prejudice because: (1) the Complaint and Amended Complaint do not "state a plausible claim for medical malpractice or any other cognizable claim"; (2) Plaintiff has not alleged that all conditions precedent (satisfaction of state law pre-suit requirements) have been met in connection with a state law medical

malpractice claim; (3) the Plaintiff has failed to allege how the named Defendant Dr. Bahri "is connected to any social security claim he may have"; (4) the Plaintiff has failed to allege a basis for federal jurisdiction; (5) Plaintiff's Complaint and Amended Complaint both lack a demand for relief; and (6) the Amended Complaint fails to comply with the minimal pleading requirements of Rule 8, Federal Rules of Civil Procedure.  Report at 3-5.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  Plaintiff did not object to the Report within the time period allowed, so this Court is not required to conduct a de novo review of the findings of fact made by the Magistrate Judge.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).  However, this Court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

"[F]ederal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  Jurisdiction can be obtained in two ways: (1) by asserting a question of federal law or (2) through diversity of citizenship.  28 U.S.C. §§ 1331, 1332(a) (2006).  Plaintiff's Amended Complaint (and Complaint) at best states claims for medical malpractice and tortious interference with a Social Security claim, both of which arise under state law.  Complaint at 2, 4; Amended Complaint.[1]  Therefore, Plaintiff has not asserted a federal question triggering this Court's jurisdiction over this case.  Additionally, Plaintiff does

---

[1] Plaintiff Matic reiterates in his Amended Complaint that he brings this claim against Dr. Bahri only.  For this reason, Matic's claim relating to Social Security benefits cannot possibly be construed as an appeal of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g), which clearly contemplates that the Commissioner or Social Security is the proper defendant in such an action. 28 U.S.C. § 405(g); see generally Krupski v. Costa Crociere S. p. A., 130 S.Ct. 2485, 2495 (2010)(citing Fed. R. Civ. P. 15 1966 advisory committee's note (discussing proper defendant in challenges to administrative denial of Social Security benefits)).

not establish diversity of citizenship between the two parties in this action nor that the amount in controversy exceeds $75,000.00. Despite being given the opportunity to amend his complaint, Plaintiff has failed to establish the Court's subject matter jurisdiction, and thus the Amended Complaint is due to be dismissed without prejudice for lack of subject matter jurisdiction. See Langlois v. Traveler's Ins. Co., Case No. 10-10308, 2010 WL 414153, at *1 (11th Cir. Oct. 22, 2010); Jackson v. Farmers Ins. Group/Fire Ins. Exchange, Case No. 09-15904, 2010 WL 3180268, at *1 (11th Cir. Aug. 12, 2010)(approving district court's sua sponte dismissal of pro se complaint for lack of subject matter jurisdiction); see also 28 U.S.C. § 1915(e)(2)(B)(ii). Further, in the absence of subject matter jurisdiction over this matter, Plaintiff's Affidavit of Indigency and Application to Proceed In Forma Pauperis is due to be denied without prejudice.[2]

The undersigned has conducted an independent examination of the record and the Magistrate Judge's legal conclusions. As explained above, the Court will adopt the

---

[2] In finding that the Amended Complaint fails to state a plausible claim for medical malpractice, the Report relies on the fact that Florida law requires a plaintiff in a medical malpractice action to provide a defendant with reasonable presuit notice and an affidavit by a qualified medical expert. Report at 4 (citing Fla. Stat. §§ 766.102, 766.106, 766.203(2)). Failure to follow the presuit screening process in Florida medical malpractice cases is not a fatal jurisdictional defect but can be corrected by dismissal with leave to amend as long as notice of intent to litigate was served within the limitations period. Hospital Corp. of Am. v. Lindberg, 571 So. 2d 446, 448 (Fla. 1990). Additionally, "failure to comply with the prelitigation notice requirements of section [766.106] may be excused by a showing of estoppel or waiver." Ingersoll v. Hoffman, 589 So. 2d 223, 224 (Fla. 1991)(defendant waived the plaintiffs' failure to comply with the presuit notice requirements "by failing to timely raise the issue in his pleadings"). Thus, a defendant can waive the issue of presuit notice: "'[i]f . . . the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot assert that a condition precedent has not been met.'" Id. at 225 (quoting Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982)); see also Kukral v. Mekras, 679 So. 2d 278, 283-84 (Fla. 1996)(failure of patient who seeks to bring medical malpractice action to comply with presuit investigation requirements under statute is not a jurisdictional defect and is not necessarily fatal to patient's claim so long as compliance is accomplished within the limitations period for filing suit). For this reason, the Court declines to adopt that portion of the Report holding that Plaintiff's Amended Complaint fails to state "a plausible claim for medical malpractice" as a basis for dismissing the Amended Complaint without prejudice.

Magistrate Judge's recommended resolution, but this Court will decline to adopt the Magistrate Judge's Report and Recommendation in full as the opinion of the Court.

Accordingly, it is **ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 8) is **ADOPTED IN PART**, to the extent that the recommended resolution is consistent with the foregoing.

2. Plaintiff's Affidavit of Indigency and Application to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

3. Plaintiff's Amended Complaint (Doc. 7) is **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of November, 2010.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc12
Copies to:

The Honorable Joel B. Toomey
United States Magistrate Judge

Unrepresented Party